UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SEXTON,<br><br>           Plaintiff,<br><br>     v.<br><br>SPIRIT AIRLINES, INC.,<br><br>           Defendant. | No. 2:21-cv-00898-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Spirit Airlines, Inc.'s ("Defendant") Motion to Strike and Motion to Dismiss, or in the alternative Motion for Summary Judgment. (ECF No. 7.) Plaintiff Scott Sexton ("Plaintiff") filed an opposition. (ECF No. 8.) Defendant filed a reply. (ECF No. 10.) For the reasons set forth below, Defendant's motion is GRANTED.

In its motion, Defendant moves to strike the FAC as untimely, arguing "Plaintiff had 21 days to amend his Complaint as a matter of right following the filing and service of Defendant's Answer on May 14, 2021" under Rule 15(a)(1)(B) and failed to amend within this period. (ECF No. 7-1 at 10.) Defendant contends, therefore, that Plaintiff was required to seek leave from this Court to amend the Complaint. (*Id.* at 10–11.) Defendant also argues the FAC is improper and argues that, assuming Plaintiff properly sought leave to amend, the Court should have denied it based on undue delay because "Plaintiff knew of the additional factual allegations asserted in his FAC when drafting his original Complaint." (*Id.* at 11 n.9.)

In opposition, Plaintiff asserts the FAC should not be stricken because Defendant's Answer was filed in state court, not federal court. (ECF No. 8 at 10.) Plaintiff further asserts that as Defendant's first motion to dismiss was filed in this Court after removal, Plaintiff believed in good faith that filing the FAC was appropriate. (*Id.*)

In reply, Defendant maintains that the relevant period follows the filing of its Answer and therefore the deadline to file the FAC as a matter of course was June 4, 2021. (ECF No. 10 at 2–3.) Defendant cites to case law for the proposition that the Federal Rules of Civil Procedure ("Federal Rules") "apply once a case has been removed from state court." (*Id.* at 3 n.1 (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 135–36 (1992); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).)

Neither of the parties cite to any case law which explicitly states that the Federal Rules apply retroactively prior to an action's removal to federal court, nor was the Court able to find any such case law. In a similar vein, however, neither of the parties cite to any case law which explicitly states that the Federal Rules *do not* apply retroactively, nor was the Court able to find any such case law. The cases that Defendant cites merely reiterate the language of Rule 81 and state the Federal Rules apply in federal court. *Willy*, 503 U.S. at 135–36 ("Rule 81(c) specifically provides that the [Federal] Rules apply to all civil actions removed to the United States district courts from the state courts and govern procedure after removal." (internal quotation marks omitted)); *Kearns*, 567 F.3d at 1125 ("It is well-settled that the Federal Rules . . . apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." (internal citation and quotation marks omitted)). Rule 81 states plainly that the Federal Rules "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). In the absence of any clear guidance from federal courts as to whether the Federal Rules apply retroactively prior to the action's removal to federal court, the Court will apply the Federal Rules.

Rule 15 provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under

Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Rule 15 requires for all other amendments that "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.*

Here, the Court finds Defendant is correct that Plaintiff had 21 days after service of its Answer in state court — by June 4, 2021 — to file an amended complaint. As the FAC was filed in this Court on August 3, 2021, the Court finds it was untimely. The Court therefore declines to address Defendant's remaining arguments.

Accordingly, the Court STRIKES Plaintiff's FAC (ECF No. 5) from the docket as improperly filed. Defendant's Motion to Strike and Motion to Dismiss or, in the alternative, Motion for Summary Judgment, (ECF No. 7) is hereby GRANTED. Pursuant to Rule 15, to file an amended complaint, Plaintiff must either file a motion seeking leave to amend the Complaint or obtain Defendant's written consent.

IT IS SO ORDERED.

DATED: March 30, 2022

Troy L. Nunley
United States District Judge