UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SEXTON,<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT AIRLINES, INC., a Delaware Corporation; and Does 1–10, inclusive,<br><br>Defendant. | No. 2:21-cv-00898-TLN-AC<br><br><br>**ORDER** |

This matter is before the Court on Defendant Spirit Airlines' ("Defendant") Motion to Dismiss. (ECF No. 3.) Plaintiff Scott Sexton ("Plaintiff") filed an opposition. (ECF No. 15.) Defendant replied. (ECF No. 18.) Also before the Court is Plaintiff's Motion to Amend. (ECF No. 14.) Defendant filed an opposition. (ECF No. 17.) Plaintiff replied. (ECF No. 23.) For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Motion to Amend is DENIED as moot.

///
///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff worked for Defendant from May 2016 to March 8, 2021. (ECF No. 1-1 at 5.) In 2019, Plaintiff was promoted to Manager of Implied Operations, a position he held until the time of his termination. (*Id.*) Defendant's corporate headquarters are in Miami, Florida. (ECF No. 3-1 at 1.) Plaintiff alleges the last location he worked was Placer County, California. (ECF No. 1-1 at 5.) Defendant, however, argues Plaintiff last worked in Orlando, Florida. (ECF No. 3-1 at 5.)

On November 7, 2020, Plaintiff was in an automobile accident in Orlando, Florida while working for Defendant. (ECF No. 1-1 at 5.) Plaintiff suffered numerous injuries that resulted in physical and cognitive disabilities. (*Id.*) Plaintiff requested and received a medical leave of absence from November 7, 2020, to February 5, 2021. (*Id.*) In January 2021, Plaintiff's medical provider recommended extending his medical leave of absence to May 20, 2021. (*Id.*) Plaintiff subsequently provided this information to his supervisor. (*Id.*) On March 4, 2021, Defendant informed Plaintiff that his employment was terminated. (*Id.*) Plaintiff alleges he was terminated because of his disability. (*Id.*) Plaintiff further alleges that he was based out of and working from Auburn, California during the time of termination. (*Id.*)

On April 12, 2021, Plaintiff filed this action against Defendant alleging violations of: (1) Disability Discrimination, Cal. Gov't Code § 12940(a); (2) Failure to Accommodate, Cal. Gov't Code § 12940(m); (3) Failure to Engage in an Interactive Process, Cal. Gov't Code § 12940(n); (4) Retaliation under Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(h); (5) Failure to Prevent Harassment, Cal. Gov't Code § 12940(k); (6) Retaliation under California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2(1)(1); and (7) Wrongful Termination in Violation of Public Policy. (*Id.* at 6–17.)

On July 14, 2021, Defendant filed the instant motion to dismiss. (ECF No. 3.) On August 3, 2021, Plaintiff filed a First Amended Complaint ("FAC") past the period allowed under the Federal Rules of Civil Procedure for amendment as a matter of right. (ECF No. 5.) Defendant

---

[1]     The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. (ECF No. 1.)

then filed a motion seeking: (1) to strike the FAC as untimely; (2) to dismiss the Complaint; and (3) in the alternative for summary judgment. (ECF No. 7.) This Court granted the motion only as to the request to strike the FAC as untimely and declined to address Defendant's remaining arguments. (ECF No. 11.) Accordingly, Defendant's initial motion to dismiss (ECF No. 3) is the instant motion pending before the Court.

## II.  STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

Defendant moves to dismiss Plaintiff's Complaint in its entirety. Defendant argues "Plaintiff's employment and the actions forming the basis of Plaintiff's disability accommodation and retaliation claim under [] FEHA and [] CFRA occurred in Florida" and "Plaintiff has no legal grounds to apply these [California] laws extraterritorially or bring such claims against Defendant in California." (ECF No. 3 at 2.) The question, then, is whether Plaintiff has pleaded sufficient facts to sustain these California causes of action.

A.   <u>When California Law Applies</u>

Extraterritorial application of California employment law requires Plaintiff to plead a sufficient basis of facts to establish that Plaintiff's work holds a substantial connection to California. *See Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 777 (N.D. Ill. 2020). "California courts have acknowledged a general presumption against the extraterritorial application of state laws." *English v. Gen. Dynamics Mission Sys., Inc.*, No. EDCV 18-908 JGB (SHKx), 2019 WL 2619658, at *5 (C.D. Cal. May 8, 2019), *aff'd*, 808 F. App'x 529 (9th Cir. 2020) (citing *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011)); *see N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4, 162 P. 93, 94 (1916). In an analogous case that decides whether a Plaintiff can engage in the extraterritorial application of FEHA and CFRA, the district court, along with other California courts, evaluated whether the individual's work had a substantial connection to California through the (1) situs of employment and (2) material elements of the cause of action. *See Elzeftawy*, 477 F. Supp. 3d at 776.

Situs of employment consists of the employee's "principal place of work," "definite base of operations," or the location where the employee's work holds a substantial connection to. *Id.* at 777. In *Ward v. United Airlines, Inc.*, the California Supreme Court addressed where the situs

1   of employment is located for pilots and flight attendants.² 9 Cal. 5th 732, 760, (2020). The court

2   primarily evaluated whether employees perform a majority of their work in California. *Id.*

3   However, for employees working in multiple states, the Court implemented a secondary

4   consideration of evaluating whether an employee has a "definite base of operations in California,

5   in addition to performing at least some work." *Id.* The Court determined that for workers such as

6   pilots and flight attendants who work in different locations, their situs of employment was

7   determined by the home-base airport. *Id.* The Court recognized the nature of employment for

8   these types of workers in that they often do not primarily work in one state due to circumstances

9   outside of their control. *See id.* Applying this rule, the court found California Labor Code § 226

10  only applies to flight workers whose home-base airport was in California. *Id.*

11      In the instant case, regarding situs of employment, Plaintiff simply states that during the

12  time of termination, he worked and was based in California. (ECF No. 1-1 at 5.) However, this

13  allegation is contradicted by Plaintiff's opposition. In Plaintiff's opposition he states upon his

14  promotion to Supervisor, he was "transferred to Orlando, Florida". (ECF No. 15 at 7.)

15  Accordingly, Plaintiff's home-base airport and physical office appear to be in Orlando, Florida.

16  (*Id.*) Indeed, there are no allegations that Defendant has or maintains any crew bases or offices

17  within California. Moreover, Plaintiff's allegations indicate he was on a leave of absence at the

18  time he was terminated, not functioning as a remote employee. (ECF No. 1-1 at 5.) Plaintiff

19  provides no facts establishing his status as an authorized remote employee assigned to work in

20  California prior to or after the incident. (*Id.*) Therefore, Plaintiff has failed to plead sufficient

21  facts to establish a situs of employment in California.

22      To determine whether the material elements of the cause of action established a

23  substantial connection to California, the Court looks to the location of where the core of the

24  alleged wrongful conduct occurred. *See Elzeftawy*, 477 F. Supp. 3d 777. The Ninth Circuit has

25  analyzed this factor by evaluating whether the core of the claim, such as a termination decision,

26  occurred within California. *English v. Gen. Dynamics Mission Sys., Inc.*, 808 F. App'x 529, 530

27

28  ²     In *Ward*, the Plaintiff raised claims under California Labor Code § 226.

1  (9th Cir. 2020).  Furthermore, the California Supreme Court evaluates extraterritoriality by
2  assessing whether "the conduct that gives rise to liability" occurs within California. *Diamond*
3  *Multimedia Sys., Inc. v. Superior Ct.*, 19 Cal. 4th 1036, 1059, 968 P.2d 539, 554 (1999).

4        In evaluating similar wrongful termination cases, California courts have emphasized the
5  location of where the termination decision was made as a crucial element of the claim because
6  this decision gives rise to the liability of the conduct.  *See Eng. v. Gen. Dynamics Mission Sys.*,
7  Inc., No. EDCV 18-908 JGB (SHKx), at *7; *Guillory v. Princess Cruise Lines, Ltd*., 2007 WL
8  102851, at *4 (Cal. App. 2 Dist. Jan. 17, 2007) (unpublished)).  The Court in *English* found the
9  location of the plaintiff when he or she learns of the termination is less relevant and not a material
10  element of the cause of action.  *English. v. Gen. Dynamics Mission Sys.*, Inc., No. EDCV 18-908
11  JGB (SHKx), at *8.  In *English*, the plaintiff's employer was located in Georgia when he arrived
12  at the decision to terminate plaintiff and when they informed plaintiff of the termination.  *Id.*
13  Under these facts, the court determined that FEHA would not be applicable.

14        Here, Defendant provides no specific allegations related to the location where the
15  termination decision was made. (*See generally* ECF No. 1-1.)  In this void, Defendant's argue the
16  decision to terminate Plaintiff was contemplated, formed, and provided to Plaintiff via
17  videoconference in Orlando, Florida.  (ECF No. 3-1 at 4.)  This argument remains unrebutted by
18  Plaintiff.  Based on the allegations that are contained in the Complaint, it seems the entirety of the
19  decision to terminate occurred outside of California and thus, the conduct that gave rise to
20  liability did not take place in California.  (*Id.*)  Therefore, the material elements of the cause of
21  action do not establish that Plaintiff's work is substantially connected to California.  Accordingly,
22  Plaintiff has not sufficiently pleaded facts to indicate that his work is substantially connected to
23  California through his situs employment or the material elements of the cause of action.

24        B.      <u>Remote Employees Under California Law</u>

25      Remote work has added an additional complexity to the analysis outlined above as some
26  employers have been more flexible with authorizing their employees to work at home as a result
27  of the COVID-19 pandemic.  *See Malloy v. Superior Ct. of L.A. Cnty.*, 83 Cal. App. 5th 543
28  (2022).  Indeed, Plaintiff appears to allege a quasi-remote work situation in the instant case.  (*See*

1  ECF No. 1-1 at 5.)

2  California courts have developed various factors in determining proper venue under
3  remote work circumstances. *See Malloy*, 83 Cal. App. 5th at 609-611. The Court looks to these
4  factors in determining what effect, if any, Plaintiff's alleged quasi-remote work situation bears on
5  this case.

6  In *Malloy*, the court assessed whether a base office in Orange County or a remote office in
7  Los Angeles County was the appropriate venue for the plaintiff's FEHA claim. *See id.* The court
8  interpreted the FEHA statutory language in "authorizing venue in the county where the aggrieved
9  person would have worked but for the unlawful practice." *Id.* at 7. The court analyzed where the
10 wrongful conduct occurred and whether the plaintiff "would have continued to work in Los
11 Angeles County but for the unlawful employment practices." *Id.* at 6–7. The plaintiff worked
12 from home in Los Angeles County for one year prior to termination with the employer's
13 authorization and received permission to continue to work from home for some time after her
14 pregnancy. *Id.* at 7. The plaintiff was terminated during this authorized work from home period
15 and thus, would have continued working from home if she had not been terminated. *Id.* In
16 comparing *Malloy* to the instant case, Plaintiff provided no facts regarding a length of time in
17 which he was authorized to work in California, whether he was classified as a remote worker
18 prior to his accident, or whether he would have continued to work from home in California but
19 for his termination. (ECF No. 1-1 at 5.) Thus, the Court cannot consider Plaintiff a remote
20 employee and finds no plausible avenue for applying California law in the instant case.

21 Based on the foregoing, this Court is skeptical that Plaintiff is capable of curing the
22 deficiencies. However, due to the Ninth Circuit's liberal pleading standard regarding amendment,
23 the Court will grant Plaintiff leave to amend his Complaint but cautions Plaintiff against filing an
24 amended complaint that fails to remedy these major deficiencies. *Eminence Cap., LLC v. Aspeon,*
25 *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

26 ///
27 ///
28 ///

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss with leave to amend. (ECF No. 3.) Plaintiff may file an amended complaint not later than thirty (30) days of the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days thereafter. If Plaintiff does not file an amended complaint, the Court will dismiss this action and close the case. Because the Court grants Defendant's motion to dismiss with leave to amend, Plaintiff's Motion to Amend (ECF No. 14) is DENIED as moot.

IT IS SO ORDERED.

**DATE: February 7, 2023**

Troy L. Nunley
United States District Judge