James A. Clark, Bar No. 278372
james.clark@towerlegalgroup.com
Renee P. Ortega, Bar No. 283441
renee.parras@towerlegalgroup.com
Ariel A. Pytel, Bar No. 328917
ariel.pytel@towerlegalgroup.com
TOWER LEGAL GROUP, P.C.
11335 Gold Express Drive, Suite 105
Sacramento, California 95670
Telephone:    916.361-6609
Fax No.:       916.361.6019

A. Jacob Nalbandyan, Bar No. 272023
jnalbandyan@lntriallawyers.com
Vanoohi Torossian, Bar No. 328536
vtorossian@lntriallawyers.com
LEVIN & NALBANDYAN, LLP
811 Wilshire Blvd., Suite 800
Los Angeles, California 90017
Telephone:    213.232.4848
Fax No.:       213.232.4849

Attorneys for Plaintiff,
SCOTT SEXTON

*[Additional counsel on following page]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SEXTON,<br><br>          Plaintiff,<br><br>   v.<br><br>SPIRIT AIRLINES, INC., a Delaware Corporation; and Does 1-10, inclusive,<br><br>          Defendant. | Case No. 2:21-cv-00898-TLN-AC<br><br>**JOINT STIPULATION AMENDING THE SCHEDULING ORDER AND ORDER** |

1  Nicholas McKinney, Bar No. 322792
   nmckinney@littler.com
2  LITTLER MENDELSON P.C.
   500 Capitol Mall, Suite 2000
3  Sacramento, California 95814
   Telephone:  916.830.7200
4  Fax No.:    916.561.0828

5  Attorneys for Defendant
   SPIRIT AIRLINES, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Scott Sexton ("Plaintiff") and Defendant Spirit Airlines, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

**WHEREAS**, Plaintiff filed his Complaint on April 12, 2021, and the matter was removed to this Court on May 17, 2021;

**WHEREAS**, at the time of removal, counsel for Defendant were Robert Conti and Kayla Cox;

**WHEREAS,** on May 18, 2021, this Court issued its Initial Pretrial Scheduling Order ("Scheduling Order"), which requires the Parties to complete discovery no later than 240 days after the last day that Defendant may answer the Complaint (which here was March 31, 2023).[1] Accordingly, the current discovery cut off was November 27, 2023.

**WHEREAS,** since the time of the filing of this matter, former defense counsel Robert Conti has passed away and Kayla Cox has moved to another firm.

**WHEREAS,** on June 2, 2022, Counsel for Defendant, Nicholas McKinney, substituted in. None of the original defense attorneys on this matter remain on the case or with the firm Littler Mendelson.

**WHEREAS,** with the pleadings in this matter resolved, the Parties intend on mediation for an early resolution of this matter.

**WHEREAS,** the counsel for Defendant will be on parental leave starting on or about August 20, 2023 through the end of the year.

**WHEREAS**, good cause exists to modify the Court's Scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by

---

[1] Over the last two years the Parties have been engaged in motion practice regarding the pleadings in this matter. The date provided is the most recent date to respond to the Amended Complaint.

allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for a modification of the Court's Scheduling Order given the Parties' inability to complete necessary discovery within the Scheduling Order's timetable. This matter was initially filed on April 12, 2021, the matter was removed on May 17, 2021, and the Scheduling Order was ordered on May 18, 2021. Counsel for Defendant changed since the outset of this matter. The Parties and the court spent almost two years engaged in motion practice over the sufficiency of the pleadings. The Parties hope to negotiate an early resolution of this matter. Defense counsel will be on parental leave during the last few months, through the end, of the current discovery period, as set by the Scheduling Order.

**THEREFORE, upon good cause shown**, the Parties stipulate to continue the discovery cut off (and related deadlines) out by 365 days (which would be November 27, 2024 for the discovery cutoff).

Dated:   June 13, 2023                         LITTLER MENDELSON, P.C.

*/s/ Nicholas W. McKinney*
NICHOLAS W. MCKINNEY
Attorneys for Defendant Spirit Airlines, Inc.

Dated:   June 13, 2023                         LEVIN & NALBANDYAN, LLP.

*/s/ Vanoohi Torossian (as authorized on 6/13/23)*
VANOOHI TOROSSIAN
Attorneys for Plaintiff SCOTT SEXTON

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  June 13, 2023

Troy L. Nunley
United States District Judge