1  James A. Clark, Bar No. 278372
   james.clark@towerlegalgroup.com
2  Renee P. Ortega, Bar No. 283441
   renee.parras@towerlegalgroup.com
3  Ariel A. Pytel, Bar No. 328917
   ariel.pytel@towerlegalgroup.com
4  **TOWER LEGAL GROUP, P.C.**
   11335 Gold Express Drive, Suite 105
5  Sacramento, California 95670
   Telephone:   916.361-6609
6  Fax No.:     916.361.6019

7  Attorneys for Plaintiff,
   SCOTT SEXTON

8  *[Additional counsel on following page]*

10             UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

13  SCOTT SEXTON,                          Case No. 2:21-cv-00898-TLN-AC

14              Plaintiff,                 **JOINT STIPULATION AND ORDER REGARDING CASE STATUS**

15       v.

16  SPIRIT AIRLINES, INC.,[1] a Delaware
    Corporation; and Does 1-10, inclusive,

17              Defendant.

---

[1] Spirit's legal name has changed from Spirit Airlines, Inc. to Spirit Airlines, LLC. Spirit Airlines, LLC is a wholly owned subsidiary of Spirit Aviation Holdings, Inc., a Delaware corporation.

1  Nicholas McKinney, Bar No. 322792
   nmckinney@littler.com
2  LITTLER MENDELSON P.C.
   500 Capitol Mall, Suite 2000
3  Sacramento, California 95814
   Telephone:   916.830.7200
4  Fax No.:     916.561.0828

5  Benjamin Sanchez, Bar No. 313871
   BSanchez@littler.com
6  LITTLER MENDELSON, P.C.
   Treat Towers
7  1255 Treat Boulevard, Suite 600
   Walnut Creek, CA  94597
8  Telephone:  925.932.2468
   Fax No.:  925.946.9809
9
   Miguel A. Morel (*Pro Hac Vice*)
10 mamorel@littler.com
   LITTLER MENDELSON, P.C.
11 333 SE 2nd Avenue, Suite 2700
   Miami, FL  33131
12 Telephone:  305.400.7500
   Fax No.:  305.603.2552
13

14 Attorneys for Defendant
   SPIRIT AIRLINES, INC.

1    Pursuant to the Court's order on April 3, 2025 [ECF 45], Plaintiff Scott Sexton ("Plaintiff")
2    and Defendant Spirit Airlines, LLC. ("Defendant") (collectively, the "Parties"), by and through
3    their respective counsel of record, hereby agree and respectfully stipulate as follows:

4    WHEREAS, on May 18, 2021, this Court issued its Initial Pretrial Scheduling Order [ECF
5    2] ("Scheduling Order"), which set all trial related deadlines, including deadlines and procedures
6    relating to discovery, disclosure of expert witnesses, supplemental discovery, dispositive motions,
7    and trial setting.

8    WHEREAS, on June 14, 2023, pursuant to the Parties' Joint Stipulation and Court Order
9    [ECF 32], the discovery cutoff date (and related deadlines) was set for November 27, 2024.

10   WHEREAS, on November 20, 2024, Defendant filed a Notice of Suggestion of Bankruptcy
11   and Automatic Stay of Proceedings [ECF 40]. Pursuant to the Notice, the Court stayed the action
12   to be reopened at the request of the Parties [ECF 41].

13   WHEREAS, on April 2, 2025, Defendant filed a Notice of Effectiveness of Chapter 11 Plan
14   of Reorganization of Spirit Airlines [ECF 43], notifying the Court that the Bankruptcy stay no
15   longer applied and that litigation may resume.

16   WHEREAS, on April 3, 2025, this Court reopened this Action and directed the Parties to
17   file a Stipulation and Proposed Order, or Joint Status Report, including proposed scheduling dates
18   moving forward [ECF 45].

19   WHEREAS, in light of the stay resulting from Defendant's Bankruptcy Proceedings, the
20   Parties were unable to follow up on key discovery items during the stay and need additional time
21   to complete discovery. As such, good cause exists to modify the Court's Order setting the discovery
22   cutoff date for November 27, 2024 [ECF 32], to allow the parties additional time to complete
23   discovery. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (district
24   court given broad discretion in supervising the pretrial phase of litigation, including modifying the
25   scheduling order for good cause and with the judge's consent); *see e.g.*, *Hood v. Hartford Life &*
26   *Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that
27   was promptly made when it became apparent that compliance with the scheduling order was not
28   possible).

THEREFORE, upon good cause shown, the Parties hereby agree and stipulate that the discovery cutoff date (and related dates) shall be extended by 60 days, to July 1, 2025, to allow the Parties to complete discovery. The Parties agree to resume all other trial related dates pursuant to the Court's Initial Pretrial Scheduling Order [ECF 2].

Dated:   May 2, 2025                         LITTLER MENDELSON, P.C.

*/s/*
NICHOLAS W. MCKINNEY
BENJAMIN SANCHEZ
MIGUEL A. MOREL

Attorneys for Defendant Spirit Airlines, Inc.

Dated:   May 2, 2025                         TOWER LEGAL GROUP, P.C.

*/s/*
JAMES A. CLARK
RENEE P. ORTEGA
ARIEL A. PYTEL
Attorneys for Plaintiff SCOTT SEXTON

# ORDER

**PURSUANT TO STIPULATION, IT IS ORDERED AS FOLLOWS:**

- The Discovery Cutoff Date (and related deadlines) is extended by 60 days, to July 1, 2025.
- With the exception of the discovery cutoff date, currently set for July 1, 2025, all other trial related dates noted in the Court's Initial Pretrial Scheduling Order [ECF 2] shall remain in effect.

DATED: May 2, 2025

_____
Troy L. Nunley
Chief United States District Judge